IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHURCH AND MURDOCK ELECTRIC, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 1:15-cv-0004 Erie<br>)<br>) Judge Mark R. Hornak |
| v. | )<br>) |
| REONAC ENERGY SYSTEMS and ACCURIDE ERIE, L.P., | )<br>)<br>) |
| Defendants. | )<br>) |

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is a partial motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Accuride Erie, L.P. ("Accuride"). ECF No. 17. For the reasons which follow, Accuride's motion is denied.

### I. BACKGROUND

The claims in this action stem from a construction project undertaken at a manufacturing facility leased and operated by Accuride in Erie, Pennsylvania. Compl. ¶ 4. The original Complaint, filed by Plaintiff Church and Murdock Electric, Inc. ("Church & Murdock") on January 7, 2015, alleges that Church & Murdock performed $159,690.00 worth of electrical work at the Accuride facility but never received payment. *Id.* ¶¶ 9-10, 21-22. Church & Murdock characterizes Defendant Reonac Energy Systems ("Reonac") as the general contractor on the project and contends that the electrical work at issue was undertaken pursuant to an express contract with Reonac. *Id.* ¶¶ 5-6, 11. Church & Murdock contends that Reonac forgot to incorporate Church & Murdock's work into the general contract with Accuride, resulting in Accuride never paying Reonac for the work performed by Church & Murdock. *Id.* ¶ 21. As a

result, Church & Murdock has yet to be paid for the work that it says it performed. *Id.* ¶¶ 9-10, 22.

Reonac filed an Answer on May 15, 2015. ECF No. 14. In its Answer, Reonac disclaims that it was the general contractor for the work at the Accuride facility or that it had a contract with Church & Murdock for any electrical work. *Id.* ¶¶ 7. Instead, Reonac alleges that it received a purchase order from Accuride for lighting equipment and supplies "to be installed" by a third-party contractor selected by Accuride. *Id.* ¶ 8. Reonac acknowledges that Accuride paid Reonac for the lighting equipment, but asserts that Accuride was directly responsible for paying Church & Murdock for the installation charges. *Id.* ¶ 9. Reonac contends that Accuride's failure to pay Church & Murdock violated an established course of dealing between the parties and exposed Reonac to potential liability in this action, as well as the costs and attorneys' fees associated with defending against Church & Murdock's claims. Consequently, Reonac filed a cross-claim against Accuride for unjust enrichment (Count I), quantum meruit (Count II)[1], and breach of contract (Count III).

In the instant motion, filed on June 4, 2015, Accuride seeks dismissal of Count III of Reonac's cross-claim. ECF No. 17. Accuride contends that Reonac has failed to allege any facts establishing a contractual obligation for Accuride to pay Church & Murdock for installation charges. *Id.* Reonac filed a response in opposition on June 18, 2015. ECF No. 20. This matter is ripe for disposition.

---

[1] Pursuant to well-established Pennsylvania law, "a claim for unjust enrichment is the same as a claim in quantum meruit." *Goldsmith Associates, Inc. v. Del Frisco's Restaurant Group, LLC*, 2009 WL 3172752, at *2 (E.D. Pa. Oct. 1, 2009); *Powers v. Lycoming Engines*, 328 F. App'x 121, 124-25 (3d Cir. 2009) ("Unjust enrichment, rather, an equitable remedy and synonym for quantum meruit, is a form of restitution."). Consequently, Counts III and IV of the Complaint are duplicative and may be addressed together, and the same is the case with Counts I and II of the Cross-claim contained in Reonac's Answer. *See, e.g., Power Restoration Intern., Inc. v. Pepsico*, Inc., 2013 WL 5636618, at *6 (E.D. Pa. Oct. 11, 2013) (dismissing plaintiff's quantum meruit claim as duplicative of unjust enrichment claim); *EMCE Elec., Mechanical & Const. Co., Inc. v. Lennox Apartments, Inc.*, 2008 WL 2188845, at *1 (E.D. Pa. May 27, 2008) (treating separate claims for unjust enrichment and quantum meruit as one single claim).

2

## II. STANDARD FOR REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

## III. DISCUSSION

Reonac alleges that an implied contract existed between Accuride and Reonac based on the parties' past course of conduct combined with the purchase order between Accuride and Reonac. An implied contract has been described in this fashion:

> A contract, implied in fact, is an actual contract which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances. An implied contract is an agreement which legitimately can be inferred from the intention of the parties as evidenced by the circumstances and "the ordinary course of dealing and the common understanding of men."

*Martin v. Snap-tite, Inc.*, 2015 WL 867611, at *7 (W.D. Pa. Feb. 27, 2015) (quoting *Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 668-69 (Pa.Super.Ct. 2014)) (internal quotations omitted). "The elements necessary to form an implied in fact contract are identical to those required for an express agreement." *Brunwasser v. United States*, 2008 WL 5216253 at *4

(W.D. Pa. Dec. 11, 2008). Those elements are: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.Ct. 1999)).

As noted above, Accuride issued a purchase order to Reonac for lighting equipment and supplies. The purchase order indicated that installation of that equipment would be performed by Accuride or a third-party contractor selected by Accuride. Reonac alleges that it had no role in the selection or retention of Church & Murdock as the third-party installer of the equipment. Reonac further alleges that Accuride had purchased products from Reonac in the past and that Accuride was aware that Reonac was not licensed in Pennsylvania to serve as a general contractor and thus could not sub-contract with a service provider for installation work. Relying on this well-established course of dealing, Reonac contends that Accuride was obligated to hire its own contractor to install the equipment and materials sold by Reonac and to directly pay the party selected to install the equipment sold by Reonac:

> The prior course of dealing between Reonac and the Accuride Companies, the parties' correspondence and discussions, and the purchase order from Accuride to Reonac (when read in context of the parties' course of dealing) created an express and/or implied contract and agreement that Accuride would directly retain, or at least directly pay, [Church & Murdock] for the lighting installation and related services.

ECF No. 14 ¶ 23. Reonac contends that Accuride's failure to do so constitutes a breach of their implied contract.

Although Reonac's allegations are somewhat vague, the Court concludes that Reonac has fairly alleged each of the necessary elements for a breach of contract claim. The purchase order, combined with the alleged course of dealing between Reonac and Accuride, sufficiently asserts the existence and terms of a contract specifying that Reonac would provide lighting equipment

4

and Accuride would engage and pay an installer. Reonac avers that Accuride failed to uphold that obligation and that this lawsuit was a natural and foreseeable outcome of Accuride's failure to assume those obligations. Based on these facts, Reonac has stated a claim for breach of an implied contract. *Ware v. Rodale Press, Inc.*, 322 F.3d at 225.

Accuride characterizes Reonac's claim as an untenable attempt to allege that "'an established course of dealing' between Accuride and *Reonac* established a contract between Accuride and *Church & Murdock*." ECF No. 18 at 3 (emphasis in original). Whether or not that allegation would be sufficient to make out a breach of contract claim, the Court reads Reonac's allegations more narrowly. Reonac is simply alleging that its own contractual obligation to Accuride ended at the moment that it tendered the lighting equipment to Accuride and received payment, leaving the obligation for the selection and payment of an installer entirely to Accuride.

According to Reonac, any legal issues arising from that installation, such as the claims asserted by Church & Murdock in this action, are entirely the responsibility of Accuride. To the extent that Reonac may end up being held liable to Church & Murdock for any installation charges, Reonac can seek to rely on the terms of its implied contract with Accuride to absolve itself of that liability. That said, it would appear to the Court that Reonac's breach of contract claim is more accurately viewed as an effort to obtain indemnification from Accuride in the event Church & Murdock successfully recovers its damages from Reonac. As noted above, Reonac's unjust enrichment and quantum meriut crossclaims would merge into the single claim the Court has identified, and in a similar vein, it may turn out that at the end of the day, Count III of that cross-claim is in reality something other than what it is labelled. Nevertheless, for the reasons stated above, the Court concludes that the breach of contract claim, as pled, crosses the pleading threshold and asserts that Accuride agreed with Reonac to shoulder the costs of

5

installation of the referenced electrical equipment. Whether the facts bear this out will be fleshed out in discovery.

## IV. CONCLUSION

For the foregoing reasons, Accuride's Motion to Dismiss Count III of Reonac's cross-claim is denied.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: March 1, 2016

cc: All counsel of record